# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No.09-50161
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PETE RAMIREZ-HERNANDEZ, JR., also known as Pedro Ramirez-Hernandez, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2520-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pete Ramirez-Hernandez, Jr., (Ramirez) appeals his 84-month sentence under 8 U.S.C. § 1326(b) following a guilty plea to being illegally present in the United States following removal. He argues that his sentence is substantively unreasonable under 18 U.S.C. § 3553(a) because U.S.S.G. § 2L1.2 is not empirically based and gives excessive weight to a defendant's prior convictions. He contends that the sentence fails to take into account his family history,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cultural assimilation, and ignorance of the seriousness of his offense. Ramirez also argues that his advisory sentencing guidelines range was excessive because the Western District does not offer a "fast track" program that would have allowed him to qualify for a lower sentence; however, he properly acknowledges that this issue is foreclosed under circuit precedent. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

We have rejected Ramirez's argument that *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), dictates that the appellate presumption of reasonableness we accord to sentences imposed within a properly calculated advisory sentencing guidelines range should not apply to sentences that were calculated under Guidelines not derived from empirical data and national experience. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). The appellate presumption of reasonableness is applicable in this case. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The record shows that the district court based Ramirez's sentence on the advisory sentencing guidelines range, the information in the presentence report, and the § 3553(a) factors. The district court judge considered the arguments Ramirez presented at sentencing and determined that a within-guidelines sentence was appropriate. Ramirez has not established that the district court plainly erred or abused its discretion in imposing his sentence, and he has not rebutted the presumption that his within-guidelines sentence was reasonable. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007); *Alonzo*, 435 F.3d at 554.

AFFIRMED.